UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. DECHOW JR., ANTHONY EVANS, DOUGLAS KLEIN, and VICTORIA SCOTT, individually,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.,<br><br>Defendant. | Case No. 2:18-cv-09362-AB (GJSx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

On December 5, 2018 Plaintiffs Donald R. Dechow, Jr., Anthony Evans, Douglas Klein, and Victoria Scott (collectively, "Plaintiffs") filed a Motion to Remand. Dkt. No. 15. Defendant Gilead Sciences ("Defendant" or "Gilead") opposed the motion and Plaintiffs filed a reply. Dkt. Nos. 16, 19.

The Court heard oral argument on February 1, 2019 and took the matter under submission. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

## I. BACKGROUND

### A. The Parties

Plaintiffs are citizens of Virginia (Dechow), Pennsylvania (Evans), New York

1.

(Klein), and Louisiana (Scott). Complaint, p. 5-6 (Dkt. No. 2-1). Plaintiffs are consumers of Defendant Gilead's tenofovir and tenofovir-based antiviral medications, Viread and Truvada. Compl. at 1. Plaintiffs were prescribed Gilead's medication for treatment or as part of a pre-exposure prophylactic program to reduce the risk of new infections. *Id.* at 10-12.

Defendant Gilead is a citizen of California and Delaware. Notice of Removal, p. 2 (Dkt. No. 2). Gilead is a pharmaceutical company that develops and markets prescription medicines, including Viread and Truvada. Compl. at 6.

### B. Plaintiffs' Allegations

On October 19, 2018, Plaintiffs filed their Complaint in the Superior Court for Los Angeles County. Plaintiffs allege that Gilead deceptively promoted two of its prescription medications—Viread and Truvada—as safe when, according to Plaintiffs, those medications can cause kidney and bone injuries. Compl. at 1-4. Plaintiffs contend that while Gilead was promoting Viread and Truvada as effective and safe for kidneys and bones, Gilead was aware of a safer and more effective alternative . *Id*. Additionally, Plaintiffs allege that they suffered kidney and/or bone injuries as a result of their use of Viread and Truvada. *Id.* at 5-6.

Plaintiffs assert claims for: (1) strict products liability (design defect and failure to warn); (2) negligent products liability (design defect and failure to warn); (3) breach of implied warranty; and (4) breach of express warranty. Compl. at 14-19.

### C. Removal to This Court

On November 1, 2018, Defendant removed the case to this Court from the Superior Court of California for the County of Los Angeles. *See* Notice of Removal. Defendant asserts that this Court has diversity jurisdiction over the case because the parties have complete diversity and the amount in controversy exceeds $75,000. *Id.* at 2. Defendant also asserts that the forum defendant limitation on removal pursuant to 28 U.S.C. § 1441(b)(2) does not apply because Defendant had not been served with the Complaint prior to its removal. *Id.* at 4.

## II. LEGAL STANDARD

### A. Removal

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is only proper if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## III. DISCUSSION

### A. The Court Has Subject Matter Jurisdiction.

The parties do not dispute that complete diversity exists between Plaintiffs and Defendant, and that the amount in controversy exceeds $75,000. The parties also do not dispute that Defendant satisfied all other procedural requirements for removal. Subject matter jurisdiction therefore depends on whether 28 U.S.C. § 1441(b)(2)

precludes removal by a resident defendant who has not been "properly joined and served."

Plaintiffs seek to remand this case to state court arguing that removal is inappropriate because there is no fear of local bias that would necessitate removal or effectuate the purposes of the removal statute. Defendant contends, however, that § 1441(b)(2)'s plain meaning must be followed and that removal was therefore proper because it filed its Notice of Removal in this Court prior to service. For the following reasons, the Court determines that § 1441(b)(2) did not bar Defendant's proper and timely removal.

### 1. Section 1441(b)(2) Does Not Bar Removal.

On or about October 19, 2018, Plaintiffs filed the State Court Action against Gilead in Los Angeles County Superior Court. On November 1, 2018, Gilead filed its Notice of Removal in this Court, claiming diversity jurisdiction exists under 28 U.S.C. § 1332. On November 7, 2018, Plaintiffs served Gilead with the Complaint. Gilead claims that 28 U.S.C. § 1441(b)(2) does not apply because it had not been served with the Complaint in this action at the time it filed for removal.

#### a. The Plain Meaning of Section 1441(b)(2) is Clear and Unambiguous.

Determining whether Section 1441(b)(2) applies here is primarily an exercise in statutory interpretation. The starting point for any question of statutory interpretation is the statutory text. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Principles of statutory construction direct courts to seek a statute's meaning "in the language in which the act is framed, and if that is plain, and if the law is . . . [constitutional], the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (citations omitted).

Section 1441(b)(2), referred to as the "forum defendant rule", restricts a defendant's ability to remove a case to federal court. The section provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may

not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The statute, on its face, provides that a case cannot be removed "if any of the parties in interest properly *joined and served* as defendants" is a citizen of the forum state. 28 U.S.C. § 1441(b)(2) (emphasis added). The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.

From the plain text, it follows that Congress did not intend to prohibit removal by in-state defendants who have not been properly joined and served. While the Ninth Circuit has yet to determine whether this approach is proper with respect to Section 1441(b)(2), a Third Circuit opinion adopts the same analytical framework as the Court does here. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018) (holding that 1441(b)(2) precludes removal on the basis of in-state jurisdiction only when the defendant has been properly joined and served). Adopting any other interpretation of the statute would violate the Court's mandate to enforce a statute according to its text.

"When the statute's language is plain, the sole function of the courts—at least where the disposition required by the te[x]t is not absurd—is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) Plaintiffs rely on this Court's decision in *Vallejo v. Amgen, Inc.*, 2013 WL 12147584 (C.D. Cal. Aug. 30, 2013) where this same statutory argument was rejected by the Court. In Vallejo, the Court concluded that adopting a literal interpretation of the "properly joined and served" clause could produce absurd results. *Vallejo v. Amgen, Inc.*, 2013 WL 12147584, *3 (C.D. Cal. Aug. 30, 2013) ("[t]he facts of this case distinguish it from the others discussed above . . . [a]dopting the literal interpretation of § 1441(b)(2) advanced by Defendants would permit a result in this case that is absurd.). In *Vallejo*, however, the defendants filed their notice of removal on diversity grounds before the Superior Court made the summons available to the plaintiff. *Id.* at *1. On those facts,

it was impossible for the plaintiff to serve defendants before removal. The Court noted that the facts of that case distinguish it from the others that have addressed the issue of pre-service removal. *Id.* at *3. Specifically, the Court held "[i]f defendants were permitted to remove a case before the plaintiff even had the opportunity to serve them, this would effectively circumvent Congress's entire statutory scheme and render § 1441(b)(2) superfluous. Such an application could not have been intended by Congress." *Id.* Such "absurd or bizarre results" are not at stake here, where Plaintiffs had the summons available prior to Defendant's removal. Indeed, Plaintiffs had nearly two weeks to effectuate service before Defendant removed to this Court.

While the facts here do not support Plaintiffs' position, the Court does recognize that there are differing factual scenarios that may impair or restrict proper service, where applying the plain meaning interpretation of § 1441(b)(2) could produce "absurd or bizarre results." In such situations, barring removal under Section 1441(b)(2) may be the proper approach which requires fact intensive inquiry. Further, the application of 1441(b)(2) inhibits Plaintiffs from reaping the full benefits of Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4. However, because the text of the statute is clear, and the result produced here is not absurd, the sole function of this Court is to enforce the statute according to its terms.

Neither the Supreme Court nor the Ninth Circuit has addressed this issue of pre-service removal; accordingly, the Court adopts the plain language interpretation of § 1441(b)(2) which requires a party to be properly joined *and* served before the forum defendant rule may limit the Court's jurisdiction.

### b. Ninth Circuit Precedent Conforms With the Court's Plain Meaning Textual Interpretation of Section 1441(b)(2).

The Ninth Circuit's interpretation of 28 U.S.C. § 1446(b)(2)(A)—an analogous removal provision—confirms the correctness of the plain meaning textual interpretation of Section 1441(b)(2). The same "properly joined and served" language

from Section 1441(b)(2) also appears in Section 1446(b)(2)(A), which provides: "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Ninth Circuit has interpreted this identical language according to its plain meaning. At the time of removal, only those defendants who have been properly joined and served need provide their consent. *Baiul v. NBC Sports*, 732 F. App'x 529, 531 (9th Cir. 2018). In analyzing § 1446(b)(2)(A), the *Baiul* court determined that because one defendant had not been served at the time of removal, "all defendants who had been 'properly joined *and* served' . . . 'join[ed] in or consent[ed] to the removal of the action,' which is all that § 1446(b)(2)(A) requires." *Id.* at *531. It is clear from the *Baiul* decision that the Ninth Circuit interpreted "properly joined and served" as procedural requirements that must be met before the underlying statutory requirements applied. The same approach should be used here for § 1441(b)(2). The Supreme Court has recognized that "the 'normal rule of statutory construction' [is] that 'identical words used in different parts of the same act are intended to have the same meaning.'" *Gustafson v. Alloyd Co.*, 513 U.S. 564, 570 (1995) (quoting *Ore. Dep't of Revenue v. ACF Indus.,* 510 U.S. 332, 342 (1994)).

    For the reasons stated above, Gilead has met its burden of demonstrating that subject matter jurisdiction exists at this time.

## IV. CONCLUSION

    For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

Dated: February 8, 2019

                                      HONORABLE ANDRÉ BIROTTE JR.
                                      UNITED STATES DISTRICT COURT JUDGE